UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOODMARK, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALASKO FROZEN FOODS, INC., )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.<br>12-10837-DPW |

<u>MEMORANDUM AND ORDER</u>
September 16, 2013

In this matter, I have awarded prejudgment interest to the plaintiff and directed the clerk to enter judgment accordingly. The question has arisen, however, what the standard for prejudgment interest should be.

The choice of a prejudgment interest rate is a substantive question, not a procedural one. *See Jasty, M.D. v. Wright Med. Tech., Inc.*, 528 F.3d 28, 40 (1st Cir. 2008). It is therefore subject to the same choice of law analysis discussed in my previous orders. *See Foodmark, Inc. v. Alasko Frozen Foods, Inc.*, 2013 WL 1285539, *7-8 (D. Mass. Mar. 26, 2013) (summary judgment regarding liability); *see also Foodmark, Inc. v. Alasko Frozen Foods, Inc.*, (D.Mass. Sept. 12, 2013) (summary judgment regarding damages).

Under the law of Quebec, in the absence of an agreed-upon prejudgment interest rate, a party is entitled to the legal rate

from the date of default.  *See* Civil Code of Quebec, S.Q. 1991 c. 64, s. 1617.  The legal rate is 5% per annum.  *See* R.S.C. 1985, c. I-15, s.3.

Accordingly, the Clerk is directed to incorporate in the judgment, prejudgment interest at the rate of 5% per annum.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE